Bruce C. Young, Esq., Bar #5560
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV  89169-5937
Telephone:	702.862.8800
Fax No.:	702.862.8811

Attorneys for Defendant
BENNIE R. MANCINO

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEON RICHARDSON,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>HARD ROCK HOTEL, INC., a Nevada corporation, BERNIE MANCINO, DOES I-X, inclusive and Roe, and Roe Corporations I-X, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:13-cv-1913-GMN-CWH<br><br>**REQUEST TO EXCUSE DEFENDANT BENNIE MANCINO FROM PERSONAL ATTENDANCE AT ENE SESSION AND THE REQUIREMENT TO SUBMIT A CONFIDENTIAL ENE STATEMENT** |

COMES NOW Defendant BENNIE MANCINO, by and through his counsel, Littler Mendelson, and hereby requests the Court to excuse him and his counsel from the requirements to submit a Confidential ENE Statement and to attend the Early Neutral Evaluation ("ENE") session, currently scheduled for January 29, 2014, at 10:00 a.m. **Order Scheduling Early Neutral Evaluation Conference (Dkt #10).**

As set forth in Defendant Mancino's Motion to Dismiss Complaint (**Dkt #8**), filed on November 11, 2013, controlling case law precludes the claims asserted against Defendant Mancino as a matter of law. As a supervisor, he is not a statutory "employer" and cannot be held individually liable for a claim of race discrimination under either Title VII or N.R.S. § 613.310, *et seq. Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993); *Kindred v. Second Judicial Dist. Ct.*, 996 P.2d 903 n.3 (2000); *Apeceche v. White Pine County*, 615 P.2d 975, 977 (Nev. 1980).

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

The same is true for Plaintiff's claim of wrongful termination under Nevada state law. Not only is Defendant Mancino not an "employer" for purposes of being held responsible for the termination of Plaintiff's employment, the Nevada Supreme Court has repeatedly held that "Nevada's public policy against impermissible discrimination cannot be vindicated through a tortious discharge public policy tort, but rather, must be pursued through statutory remedies." *Herman v. United Brotherhood of Carpenters & Joiners of America, Local Union No. 971*, 60 F.3d 1375, 1385 (9th Cir. 1995) (*citing Sands Regent v. Valgardson*, 105 Nev. 436, 777 P.2d 898, 900 (Nev. 1989); *see also, Jones v. Reno Hilton Resort Corp.*, 889 F. Supp. 408, 411 n.4 (claim for tortious discharge in violation of public policy based on race is barred by existence of a "comprehensive statutory remedy" provided by N.R.S. § 613.3 10, Title VII and 42 U.S.C. § 1981). Plaintiff's third and final claim for "Punitive Damages" is not a separate cause of action but is instead merely a form of damages and is therefore also subject to dismissal as a matter of law.

Since the claims in Plaintiff's Complaint against Defendant Mancino as an individual supervisory employee are clearly barred as a matter of law and he cannot be held personally liable for any alleged damages, it would be a waste of both his and this Court's time and resources to require Mr. Mancino to submit a Confidential ENE Statement (which would only reiterate the legal arguments set forth in the Motion to Dismiss) and to attend the ENE session. Accordingly, Defendant Mancino respectfully requests that this Court enter an order excusing him from these obligations.

Dated: January 15, 2014

_____
Bruce C. Young
LITTLER MENDELSON, P.C.
Attorneys for Defendant
BENNIE R. MANCINO

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: ___1-16-2014___

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

2.

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169-5937. On January 15, 2014, I served the within document(s):

**REQUEST TO EXCUSE DEFENDANT BENNIE MANCINO FROM PERSONAL ATTENDANCE AT ENE SESSION AND THE REQUIREMENT TO SUBMIT A CONFIDENTIAL ENE STATEMENT**

[X] by serving Jackson Lewis electronically through CM/ECF.

[ ] by facsimile transmission at or about _____ on that date. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

[X] by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed to Leon Richardson as set forth below.

[ ] by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

LEON RICHARDSON  
6975 Polaris Avenue  
Las Vegas, NV 89118

Deverie Christensen, Esq.  
Jackson Lewis LLP  
3800 Howard Hughes Parkway, #600  
Las Vegas, NV 89169

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 15, 2014, at Las Vegas, Nevada.

*/s/ Maribel Rodriguez*  
Maribel Rodriguez

Firmwide:125018865.1 079523.1001

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800