UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEON RICHARDSON, | ) |
| Plaintiff, | ) Case No. 2:13-cv-01913-GMN-CWH |
| vs. | ) **ORDER** |
| HRHH GAMING SENIOR MEZZ, LLC, et al., | ) |
| Defendants. | ) |

Presently before the Court is Defendant HRHH Gaming Senior Mezz LLC's ("HRHH") Motion for Leave to File Under Seal Plaintiff's Exhibit 6 to Response to Motion for Summary Judgment, and Request for Sanctions for Plaintiff's Violation of Stipulated Protective Order Governing Confidential Information (ECF Nos. 102, 104), filed on February 23, 2016. Plaintiff did not file a response. Defendant HRHH filed notices (ECF Nos. 111, 112) on March 15, 2016, indicating that their motions are unopposed.

Also before the Court is Defendant Bennie R. Mancino's Motion for Leave to File Under Seal Plaintiff's Exhibit 6 to Response to Motion for Summary Judgment and Joinder in Defendant HRHH's Similar Motion (ECF No. 105), filed on February 23, 2016. Plaintiff did not file a response. Defendant Mancino filed a notice (ECF No. 113) on March 16, 2016, indicating that his motion is unopposed.

Also before the Court is Defendant Bennie R. Mancino's Motion for Sanctions and Joinder in Defendant HRHH's Motion for Sanctions (ECF No. 106), filed on February 23, 2016. Plaintiff did not file a response. Defendant Mancino filed a notice (ECF No. 114) on March 16, 2016, indicating that his motion is unopposed.

///

1    Defendant HRHH requests that the Court seal exhibit six to Plaintiff's response to
2  Defendant HRHH's motion for summary judgment (ECF No. 98-7), arguing that the exhibit is
3  subject to the protective order (ECF No. 58) in this case. Defendant HRHH further argues there are
4  compelling reasons to seal the exhibit given that it is a confidential personnel record involving an
5  incident that occurred after Plaintiff was no longer employed by HRHH and is therefore unrelated
6  to this case. Finally, HRHH seeks sanctions in the amount of $1,592.00, which represents its
7  attorney's fees and costs for having to bring the motion.

8    Defendant Mancino requests that the Court seal exhibit six to Plaintiff's response to
9  Defendant Mancino's motion for summary judgment (ECF No. 99-7), which is the same document
10 at issue in Defendant HRHH's motion. Although Defendant Mancino does not specifically
11 reference the compelling reasons standard, he argues that the exhibit should be sealed because it is
12 irrelevant and because Plaintiff attached it to his response as an attempt to "smear Defendant
13 Mancino's reputation." (Def. Mancino's Mot. for Sanctions and Joinder in Def. HRHH's Mot. for
14 Sanctions (ECF No. 106) at 2.) Defendant Mancino seeks sanctions in the amount of $710.00,
15 which represents his attorney's fees and costs for having to bring the motion.

16    Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City &*
17 *Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly
18 accessible. *Id.* Consequently, a party seeking to seal a judicial record "bears the burden of
19 overcoming this strong presumption." *Id.* In the case of dispositive motions, the party seeking to
20 seal the record "must articulate compelling reasons supported by specific factual findings that
21 outweigh the general history of access and the public policies favoring disclosure, such as the
22 public interest in understanding the judicial process." *Id.* at 1178-79 (alteration and internal
23 quotation marks and citations omitted). Among the compelling reasons which may justify sealing a
24 record are "when such court files might have become a vehicle for improper purposes, such as the
25 use of records to gratify private spite, promote public scandal, circulate libelous statements, or
26 release trade secrets." *Id.* at 1179 (quotation omitted). However, avoiding a litigant's
27 "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the
28 court to seal its records." *Id.*

1 Here, the exhibit at issue appears to be irrelevant to Plaintiff's claims because it does not
2 relate to Plaintiff and involves an incident that occurred after Plaintiff was no longer employed by
3 HRHH.  Viewing the exhibit in the context of Plaintiff's responses to the motions for summary
4 judgment, the Court cannot discern a proper purpose for attaching the exhibit.  Given these
5 concerns, the Court finds Defendants HRHH and Mancino have articulated compelling reasons that
6 justify sealing the exhibit.  The Court therefore will grant Defendants HRHH and Mancino's
7 motions to the extent they seek to seal the exhibit.

8 As for the request for sanctions against Plaintiff, the Court recognizes that the exhibit at
9 issue is marked as confidential subject to the protective order in this case.  However, the protective
10 order is silent on a party's obligations when a party files a document subject to the protective order
11 as an exhibit to a dispositive motion.  Although Defendants HRHH and Mancino argue Plaintiff
12 should have preserved the confidentiality of the document at issue, they do not explain how
13 Plaintiff's conduct with respect to using the exhibit at the dispositive motions stage of the litigation
14 violates the protective order, which is geared toward protecting particular documents during
15 discovery.  Additionally, different interests are at stake in sealing documents produced during
16 discovery and documents attached to dispositive motions.  *Kamakana*, 447 F.3d at 1180.  The
17 Court therefore will deny Defendants HRHH and Mancino's motions to the extent they seek
18 sanctions.

19 IT IS THEREFORE ORDERED that Defendant HRHH Gaming Senior Mezz LLC's
20 Motion for Leave to File Under Seal Plaintiff's Exhibit 6 to Response to Motion for Summary
21 Judgment, and Request for Sanctions for Plaintiff's Violation of Stipulated Protective Order
22 Governing Confidential Information (ECF Nos. 102, 104) are GRANTED in part and DENIED in
23 part.  The motions are granted to the extent they seek to seal exhibit six (ECF No. 98-7) to Plaintiff
24 Leon Richardson's response to Defendant HRHH's motion for summary judgment.  The motions
25 are DENIED to the extent they seek sanctions against Plaintiff.

26 IT IS FURTHER ORDERED that Defendant Bennie R. Mancino's Motion for Leave to File
27 Under Seal Plaintiff's Exhibit 6 to Response to Motion for Summary Judgment and Joinder in
28 Defendant HRHH's Similar Motion (ECF No. 105) is GRANTED in part and DENIED in part.

The motion is granted to the extent it seeks to seal exhibit six (ECF No. 99-7) to Plaintiff Leon Richardson's response to Defendant Mancino's motion for summary judgment.

IT IS FURTHER ORDERED that Defendant Bennie R. Mancino's Motion for Sanctions and Joinder in Defendant HRHH's Motion for Sanctions (ECF No. 106) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court must seal Plaintiff Leon Richardson's responses to the motions for summary judgment (ECF Nos. 98 and 99) in their entirety.

IT IS FURTHER ORDERED by March 29, 2016, Plaintiff Leon Richardson must refile his responses to the motions for summary judgment— with complete redaction of all text in exhibit six in both of the responses— for the public record.

DATED: March 22, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**